JAMES J. BURKE, Revisor of Statutes
You have requested my opinion with respect to sec. 227.027. Stats., regarding emergency rules.
As I understand it, an administrative agency or department recently filed emergency rules with your office. The recently filed rules are identical to previously filed emergency rules due to expire on the date the second set was filed. The agency in question advised that the emergency situation that prompted the initial filing is ongoing and that normal rule making procedures would not be completed for a number of months.
The question you pose is twofold. First, does the language of sec. 227.027, Stats., preclude the agency from refiling emergency rules so as to maintain their effectiveness beyond the initial 120-day period provided for? Second, if not specifically prohibited, is maintaining the effectiveness of an emergency rule beyond 120 days contrary to legislative intent?
In my opinion, although extending the effectiveness of an emergency rule by refiling it in accordance with subsec. (2), is not clearly prohibited by the language of subsec. (1) of sec. 227.027, Stats., it is contrary to the legislative intent of the statute.
Unfortunately, we are without judicial guidance on the meaning of sec. 227.027, Stats. The section has not yet been subjected to *Page 306 
judicial interpretation. Consequently, we have only the language of the statute itself and its legislative history to guide us.
Subsection (1) of sec. 227.027, Stats., provides in its relevant part:
". . . An emergency rule takes effect upon publication in the official state paper or on such later date as is specified in a statement published with the rule, but remains in effect only fora period of 120 days." (Emphasis supplied.)
The emphasized phrase, in and of itself, does not clearly preclude extending the effectiveness of an emergency rule by simply refiling it in accordance with subsec. (2). But, the foreseeable consequence of interpreting the statute so as to allow refiling is that administrative agencies could completely avoid the normal notice, hearing, and publication requirements of ch. 227, simply by systematically refiling emergency rules. This cannot be what the legislature intended.
Section 227.027, Stats., was enacted as a part of the second phase of the development of Wisconsin's comprehensive administrative procedure law. Chapter 221, sec. 13, Laws of 1955. The first phase (ch. 375, Laws of 1943), was primarily devoted to establishing procedures for administrative contested case proceedings and judicial review thereof. Chapter 221, Laws of 1955, dealt with rule making. See Helstad, New Law OnAdministrative Rule Making, 1956 Wis. L. Rev. 407. The 1955 act was the product of extensive deliberations by a specially established Committee on Administrative Rule Making in conjunction with the Wisconsin Legislative Council.
The degree to which public participation should be guaranteed in rule making procedures posed a fundamental problem for the Committee. Despite the theoretical desirability of an unswerving hearing requirement, it was recognized that there would be situations where holding hearings in advance of a rule's effectiveness would be impracticable or contrary to public well-being. In seeking a means to reconcile the conflict between guaranteed public input and the practical difficulties of exigent circumstances, the Committee looked into the experience of other states. In Legislative Council Committee On Administrative RuleMaking — Staff *Page 307 Report on Public Participation in Rule Making, April 22, 1954, the following recommendation was made at page 14:
". . . Ohio and Virginia seek to induce compliance with notice and hearing procedures by providing that emergency rules may remain in effect for only a specified number of days unless notice and hearing procedures are complied with. This is perhaps the best type of provision if the aim is to prevent an administrative agency from using the emergency provision where no real emergency exists."
This mechanism was eventually adopted by the Committee and incorporated into the bill recommended to the legislature. On page 29 of Draft of Bill on Administrative Rule Making —Submitted by the Committee on Administrative Rule Making to theWisconsin Legislative Council, December 28, 1954, the following note appears after the language of proposed sec. 227.027 (identical to sec. 227.027 as finally enacted):
"NOTE. The requirement of notice and public hearing on rule making plus the delay of the effective date of a rule until the first day of the month following publication in the monthly register may, under certain circumstances, mean that 2 to 3 months will elapse from the time an agency commences formal rule-making proceedings until the rule can be put into effect. There are situations wherein rules must take effect without such delay. A relatively recent example was the department of agriculture's rule restricting and regulating the shipment of hogs during a threatened epidemic of vesicular exanthema. This section therefore provides that emergency rules may take effect immediately upon their publication in the official state paper. This satisfies constitutional publication requirements and allows the rule to become effective without delay. Sub. (2) prescribes certain supplementary publicity procedures, but the validity of the rule is not dependent on compliance with these procedures. Emergency rules, however. remain in effect for a period of only 120 days. By the end of that period the agency will have had ample time to adopt a rule pursuant to regular rule-making procedures if such a rule is needed. This limitation on the effectiveness of an emergency rule should discourage the use of the emergency procedure to circumvent regular procedures, except in actual emergencies." *Page 308 
I view this language as a clear expression of intent that the effectiveness of an emergency rule may not be extended beyond the initial 120-day effective period by simply refiling it pursuant to sec. 227.027 (2), Stats. The 120-day period was intended to afford an agency the requisite time to adopt rules pursuant to the normal procedures of ch. 227, if the agency perceives that what begins as an emergency presents the need for rules of lasting effect. Therefore, I conclude that an emergency rule may only have effect for 120 days.
RWW:CAB